UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MARION T, LLC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 1:12-CV-456 |
|  | ) |  |
| THERMOFORMING MACHINERY & EQUIPMENT, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that Plaintiff Marion T, LLC, "is an Indiana corporation with its principal office located in North Vernon, Indiana." (Notice of Removal ¶ 4.)

Defendant's Notice of Removal, however, is inadequate because of the discrepancy between the allegations in the Notice of Removal describing Plaintiff Marion T, LLC, as a corporation (Notice of Removal ¶ 4) and the allegations in the Complaint indicating that Marion T, LLC—as its business designation suggests—is an "Indiana limited liability company" (Compl. ¶ 2). Because of this discrepancy, it is unclear whether Marion T, LLC, is a corporation or a limited liability company.

If Marion T, LLC, is a corporation—which appears to be the less likely outcome—then its citizenship has not been properly alleged. Although Defendants allege that Marion T, LLC, is Indiana corporation with its *principal office* in Indiana (Notice of Removal ¶ 4), corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which

1

they have their principal *place of business*," *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphases added); *see* 28 U.S.C. § 1332(c)(1). The term "principal place of business" refers to the corporation's "nerve center"—the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Thus, if Marion T, LLC, is a corporation, the Court must be apprised of the state in which its principal *place of business*, rather than principal *office*, is located.

On the other hand, if Marion T, LLC, is in fact a limited liability company, then its citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members," *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), and, therefore, the Court would have to be advised of the citizenship of all the members of Marion T, LLC, to ensure that none of its members share a common citizenship with the Plaintiff, *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). This citizenship would then have to be "traced through multiple levels" for those members of Marion T, LLC, who are a partnership or a limited liability company, as anything less could result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, Defendant is ORDERED to supplement the record by filing an Amended Notice of Removal on or before January 11, 2013, clarifying whether Plaintiff Marion T, LLC, is a corporation or a limited liability company and making the appropriate citizenship allegations pursuant to that clarification.

Moreover, along with the Notice of Removal, the Complaint is also inadequate. Under Federal Rule of Civil Procedure 11(a), "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if

2

the party is unrepresented." FED. R. CIV. P. 11(a).  Here, Marion T, LLC, is represented by H. Joseph Certain.  But Attorney Certain did not sign the Complaint as required by Rule 11.  (*See* Compl. 2.)  As such, Plaintiff is ORDERED to file an Amended Complaint on or before January 11, 2013, that is signed by its attorney in accordance with Rule 11.

    SO ORDERED.

    Enter for this 28th day of December, 2012.

    /S/ Roger B. Cosbey
    Roger B. Cosbey,
    United States Magistrate Judge