UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MARION T, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 1:12-CV-456 |
| FORMALL, INC., | ) | (Consolidated with |
| | ) | Cause No. 1:13-cv-132) |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a motion filed by Defendant Formall, Inc., on October 23, 2014, seeking leave to amend its answer to assert a counterclaim for conversion against Plaintiff Marion T, LLC, and a related affirmative defense of setoff. (Docket # 58.) Marion T opposes Formall's motion on the grounds of undue delay, prejudice, and futility. (Docket # 60.)

For the following reasons, Formall's motion to amend will be GRANTED.[1]

### A. Background

Marion T filed this suit against Formall in November 2012, alleging that it unlawfully converted certain manufacturing equipment; Formall filed its answer on January 4, 2013, asserting affirmative defenses of accord and satisfaction and estoppel. (Docket # 1, 5, No. 1:13-cv-132.) This suit was subsequently consolidated with *Marion T v. Thermoforming Machinery & Equipment, Inc.*, No. 1:12-cv-456. (Docket # 14, 50.)

Most relevant to the instant motion, the deadline for any amendments to the pleadings

---

[1] The Court assumes the reader is familiar with the facts and much of the procedural background of this case.

passed, at the latest, on June 28, 2013.[2]  Almost a year later, on July 17, 2014, following a bench trial (Docket # 40), this Court ruled in favor of Defendant Thermoforming Machinery & Equipment ("TME"), and against Marion T, as to the ownership of the manufacturing equipment giving rise to this contractual dispute (Docket # 48).

On September 11, 2014, the Court set a status conference to address Marion T's remaining conversion claim against Formall. (Docket # 50.)  At the conference, Formall stated that it anticipated filing a counterclaim against Marion T, and the Court afforded it through October 23, 2014, to do so. (Docket # 53.)  Formall filed the instant motion within that time frame. (Docket # 58.)

### B.  Standard of Review

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (alteration in original) (citation omitted).  "The court 'should freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)); *see Foman v. Davis*, 371 U.S 178, 182 (1962).  "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys*, 520 F.3d at 743; *see Foman*, 371 U.S. at 182.

Moreover, "a party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under [Federal Rule of Civil Procedure]

---

[2] The scheduling order entered in 1:13-cv-132 (Docket # 13, 14, No. 1:13-cv-132) prior to consolidation set a deadline of May 1, 2013, for any amendments to the pleadings; the scheduling order in No. 1:12-cv-456, however, reflects a deadline of June 28, 2013 (Docket # 15, 16).

16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15." *BKCAP, LLC v. Captec Franchise Trust 2000-1*, No. 3:07-cv-637, 2010 WL 1222187, at *2 (N.D. Ind. Mar. 23, 2010) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see Alioto v. Town of Lisbon*, No. 651 F.3d 715, 719-20 (7th Cir. 2011) (collecting cases). "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Tschantz*, 160 F.R.D. at 571 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "Rather, the good cause standard focuses on the diligence of the party seeking the amendment." *BKCAP*, 2010 WL 1222187, at *2 (citing *Tschantz*, 160 F.R.D. at 571); *see Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

### C. Discussion

1. <u>Formall Has Shown Good Cause for the Amendment Under Rule 16(b)</u>

The deadline for Formall to amend its answer passed on or about June 2013, and thus, it must now show good cause for filing a belated counterclaim of conversion and an affirmative defense of setoff.

In an effort to do so, Formall asserts that its rights and claims to the disputed property were contingent on the determination that TME, as the seller of the property, actually owned the property so that it could convey clear title of the property to Formall. As such, Formall asserts that its counterclaim only became ripe when the Court ruled on July 17, 2014, that TME owned the equipment. According to Formall then, it lacked standing to assert the counterclaim prior to the June 2013 deadline to amend the pleadings.

Marion T argues otherwise, contending that Formall was fully aware when it filed its

3

answer in January 2013 that it believed Marion T wrongfully withheld the property, and thus, that Formall could have timely filed the counterclaim. As a result, Marion T sees no justification for Formall's extreme delay in asserting the counterclaim.

But Formall's assertion of good cause for the amendment is persuasive. Prior to this Court's ruling on the ownership of the property between TME and Marion T, Formall did not know whether it had a claim against TME for selling it property to which TME lacked good title, or a claim against Marion T for conversion of Formall's property. *See generally Marusic Liquors, Inc. v. Daley*, 55 F.3d 258, 260 (7th Cir. 1995) ("A claim is unripe when critical elements are contingent or unknown.").

Once the Court ruled that TME owned the equipment, Formall acted with reasonable promptness in seeking leave to assert the counterclaim and affirmative defense, filing its motion to amend by the October 23, 2014, deadline set by this Court at the October 9, 2014, hearing. (Docket # 53.) Accordingly, the Court finds good cause for the so-called delay, and thus, under Rule 16(b) will allow the amendment, provided it is a proper one under Rule 15. *See Masonite Corp. v. Craftmaster Mfg., Inc.*, No. 09 Cv 2131, 2011 WL 1642518, at *2 (N.D. Ill. Apr. 29, 2011) ("Whether 'good cause' exists is a matter within the court's discretion.").

2. The Amendment Is Proper Under Rule 15

Having shown good cause for the amendment, Formall must also demonstrate that the amendment is proper under Rule 15. *See Alioto*, 651 F.3d at 719-20. As stated earlier, Marion T contends the amendment is improper for reasons of undue delay, prejudice to Marion T, and futility. Having already found above that Formall did not unduly delay in filing the motion, the Court will turn to Marion T's remaining two assertions.

4

a. <u>Prejudice to Marion T</u>

"The amount of unfair prejudice to the nonmoving party is a 'significant factor' in determining whether to grant leave to amend . . . ." *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 352 (N.D. Ind. 2010) (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004)). Undue prejudice may be found where the amendment would introduce an entirely new legal theory, adds new claims or new parties, or requires substantial additional discovery. *Id.* (citations omitted). "On the other hand, courts have found that a finding of unfair prejudice cannot be supported only by conclusory arguments that the non-moving party will be prejudiced by a discovery delay because the memories of witnesses have faded and documents have been lost." *Id.* (citing *Dubicz*, 377 F.3d at 793).

Here, in asserting undue prejudice, Marion T claims that Formall has not alleged with specificity what property Marion T unlawfully detained, and that possession of all the disputed property Marion T did retain "has already been taken by the non-party or its assignee." (Resp. in Opp'n 4.) Because of the passage of time, Marion T states that it cannot "open up its doors for inspection" to prove it does not have, and did not retain, the property which Formall alleges it converted; nor did it have an opportunity to cure the alleged conversion earlier. (*Id.*) As such, Marion T asserts that allowing Formall to belatedly assert a counterclaim of conversion would place Marion T "in a situation where it would be unable to defend this claim." (*Id.*)

Marion T's conclusory assertions, however, are insufficient to show undue prejudice. Although the amendment adds a new counterclaim, it is the *same* claim–unlawful conversion of the disputed property–that Marion T is advancing against Formall. No new parties are being added, and the ownership of the property between Marion T and TME has already been litigated.

5

The *only* property to which Formall can claim any ownership is the property to which TME claimed, and has now proven, ownership. Therefore, although technically the amendment asserts a new counterclaim, the amendment does not raise new issues in this suit that would unduly prejudice Marion T.

Marion T's assertion of prejudice resulting from a lack of timely inspection and opportunity to cure is also unavailing, as the counterclaim concerns the very same property that TME and Marion T already litigated. Thus, much of the evidence concerning the disputed property is already established regardless of the counterclaim. Marion T does not describe how substantial additional discovery would be involved by adding this counterclaim, and its conclusory assertion that prejudice results because witnesses' memories may have faded is insufficient. *See Dubicz*, 377 F.3d at 793.

In short, there is no evidence that Marion T will suffer undue prejudice by the assertion of Formall's counterclaim of conversion and the related affirmative defense.

      b. Futility

Marion T also argues that the proposed amendment is futile because it is time-barred by the two-year statute of limitations applicable to this personal property dispute. *See* Ind. Code § 34-11-2-4. It emphasizes that the alleged conversion arises from events that occurred in May 2012, and Formall did not seek leave to amend its answer until October 2014.

But "[Federal Rule of Procedure] 15(c) permits a [party] to amend the pleadings to add a claim involving an existing party or a new party that, if filed as an entirely new lawsuit, would be barred by the statute of limitations." *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d. 1036, 1040-41 (N.D. Ill. 2000). Specifically, Rule 15(c)(1)(B) provides that an amendment to a

6

pleading "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading . . . ." *See Feltman v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 06 C 2379, 2009 WL 3151878, at *2 (N.D. Ill. Sept. 25, 2009). "As is generally the case with amendments to the pleadings under Rule 15, the 'relation back' doctrine set forth in Rule 15(c) is to be liberally applied."[3] *Olech*, 138 F. Supp. 2d at 1041.

Here, Formall's proposed counterclaim of conversion arises out of the transaction or occurrence set out in Marion T's original pleading. Marion T alleges in its complaint that in May 2012 Formall "unlawfully took, carried away and converted for its own use" the disputed property (set forth in an exhibit), which was valued in excess of $600,000. (Docket # 1, No. 1:13-cv-132.) Likewise, Formall asserts in the proposed counterclaim that in May 2012, Marion T hid the disputed property from Formall and refused to surrender its possession. (Docket # 58, Ex. A.) As such, Formall's amendment would relate back to January 4, 2013, the date of its original answer (Docket # 5, 1:13-cv-132), and would not be barred by the two-year statute of limitations. Considering that the Court 'should freely give leave when justice so requires,' Fed. R. Civ. P. 15(a)(2), and that the amendment is not barred by undue delay, undue prejudice, or futility, *Soltys*, 520 F.3d at 743, Formall will be granted leave to amend its answer to assert the

---

[3] In addition, Rule 15(c)(1)(A) allows an amendment to relate back when "the law that provides the applicable statute of limitations allows relation back[.]" *See Henderson v. Bolanda*, 253 F.3d 928, 932 (7th Cir. 2001) ("The rationale is that if state law 'affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.'" (quoting Fed. R. Civ. P. 15(c)(1), commentary to the 1991 amendment)); *Miller v. Seiss*, No. 1:07-cv-163, 2009 WL 3786977, at *3 (N.D. Ind. Nov. 10, 2009). In this regard, Formall cites to Indiana Trial Rule 13(J), which provides that the statute of limitations shall not bar a claim asserted as a counterclaim to the extent that "it diminishes or defeats the opposing party's claim if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim, or if it could have been asserted as a counterclaim to the opposing party's claim before it (the counterclaim) was barred[.]"

counterclaim of conversion and add the affirmative defense of setoff.

## D. Conclusion

For the foregoing reasons, Formall's Motion for Leave to Amend Pleading and to Submit Counterclaim (Docket # 58) is GRANTED. The Clerk is DIRECTED to show Formall's amended answer as filed.

SO ORDERED.

Enter for this 20th day of November 2014.

s/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge